UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNALDO R. INFANTE CABRERA,

        Petitioner,

v.                                     CASE NO. 10-13654
                                    HONORABLE NANCY G. EDMUNDS

J. S. WALTON,

        Respondent.

_____/

## **OPINION AND ORDER OF DISMISSAL**

Petitioner Arnaldo R. Infante Cabrera is a federal prisoner currently confined at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). He has filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. Also pending before the Court are Petitioner's motion for appointment of counsel [Dkt. #3], Petitioner's motions for an order dismissing the indictment, information, or complaint [Dkt. # 4 and #5], and Petitioner's motions regarding the responsive pleading [Dkt. #13 and #14]. The habeas petition and motions allege that Petitioner has been confined in administrative detention since April of this year and that he has been denied a speedy trial on prison misconduct charges. The Court has determined that Petitioner is not in custody in violation of his federal constitutional rights. Accordingly, the habeas petition and motions are **DENIED**.

### **I. Background**

In 2002, Petitioner pleaded guilty in the United States District Court for the Western

District of Texas to conspiracy to import five or more kilos of cocaine. *See* 21 U.S.C. §§ 952, 960, and 963. On April 3, 2002, United States District Judge David Briones sentenced Petitioner to 262 months in prison, followed by supervised release for ten years. Petitioner's projected release date is November 25, 2020.

On April 13, 2010, while Petitioner was serving his sentence at FCI-Milan, an inmate reported that Petitioner had assaulted him with two locks attached to a belt. The inmate sustained injuries to his head and was bleeding. Petitioner was placed in administrative detention on the same day. He remains in administrative detention pending an investigation by the Federal Bureau of Investigation (FBI) and a possible federal prosecution.

Petitioner filed his habeas corpus petition on September 14, 2010. He alleges that his continued detention in administrative detention since April 13, 2010, violates his right to a speedy trial, his right to due process of law, and his right not to be subjected to cruel and unusual punishment.

Respondent argues in an answer to the petition filed through counsel that Petitioner has failed to exhaust administrative remedies for his claims and that Petitioner's constitutional rights have not been violated. Federal prisoners ordinarily "must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231-32 (6th Cir. 2006) (citing *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir. 2001), and *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981)). Petitioner's claims, however, lack merit, and "the exhaustion requirement in § 2241 cases is prudential, rather than jurisdictional." *Arango Marquez v. I.N.S..* 346 F.3d 892, 897 (9th Cir. 2003). The Court therefore excuses the failure to exhaust administrative

remedies and will proceed to address the merits of Petitioner's claims.

## II. Discussion

### A. The Speedy Trial Claim

Petitioner alleges that his constitutional and statutory rights to a speedy trial have been violated by the failure to indict him and to bring him to trial for the April 13 incident. He contends that he has been prejudiced by the delay due to impaired memories, the loss of valuable evidence, and the unavailability of key witnesses.

The Sixth Amendment to the United States Constitution guarantees the accused in a criminal prosecution the right to a speedy trial. U.S. CONST. amend. VI. Under 18 U.S.C. § 3161(b), an indictment charging a defendant with the commission of an offense must be filed within thirty days of the defendant's arrest, and under 18 U.S.C. § 3161(c)(1), the defendant's trial must commence within seventy days from the date of the information or indictment or from the date that the defendant appeared before a judicial officer.

The right to a speedy trial "attaches only when a formal criminal charge is instituted and a criminal prosecution begins." *United States v. MacDonald*, 456 U.S. 1, 6 (1982). The Speedy Trial Clause "does not apply to the period before a defendant is indicted, arrested, or otherwise officially accused." *Id.* And under 18 U.S.C. § 3161(b), the time for filing an indictment does not begin to run until the defendant is arrested or served with a summons in connection with the charges.

Petitioner has not been arrested, indicted, or even officially accused of the assault that occurred on April 13, 2010. He was merely placed in administrative segregation pending an investigation. Placement in administrative segregation is not treated as an arrest for speedy trial purposes. *See United States v. Mills*, 810 F.2d 907, 909 (9th Cir.

3

1987) (collecting cases).  Consequently, Petitioner's right to a speedy trial has not been violated.

Petitioner appears to argue that his right to due process is being violated by pre-indictment delay.  This claim lacks merit because an ongoing investigation is a legitimate reason for a delay.  *United States v. Sherlock*, 962 F.2d 1349, 1355 (9th Cir. 1989).  Furthermore, Petitioner has not shown that federal officials have delayed filing an indictment to gain a tactical advantage over him or that the delay has caused him substantial prejudice to his right to a fair trial.  *United States v. Schaffer*, 586 F.3d 414, 424 (6th Cir. 2009), *cert. denied*, __ U.S. __, 130 S. Ct. 1921 (2010).  Although he contends that he has been prejudiced by the loss of key witnesses, valuable evidence, and the ability to reconstruct details of the event, he has not identified any witnesses, nor explained what they would say if they were available and if their memories had not dimmed.  The Court concludes that Petitioner has not been prejudiced by the delay in charging him and that his right to due process has not been violated.

### B.  Detention in Administrative Segregation

Petitioner alleges that his continued confinement in administrative detention violates his constitutional right to due process and his right not to be subjected to cruel and unusual punishment.  In support of these allegations, Petitioner contends that he has been deprived of communication with his family and lawyer, denied access to the courts and to an adequate law library, deprived of educational programs and other privileges, and denied psychiatric treatment for his bipolar disorder.

### 1.  Due Process

4

An incarcerated inmate's liberty interests generally are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "[A]dministrative segregations have repeatedly been held not to involve an 'atypical and significant' hardship implicating a protected liberty interest without regard to duration." *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998). "[U]nder *Sandin* a liberty interest determination is to be made based on whether it will affect the overall duration of the inmate's sentence . . . ." *Id.*

Petitioner's detention is not likely to affect the duration of his sentence, because he is serving a lengthy sentence and is not expected to be released for another ten years. Furthermore, he is being detained because he has been implicated in a violent assault on another prisoner, and prison officials have determined that his presence in the general prison population poses a risk to the institution. In addition, the FBI is investigating Petitioner in connection with the April 13 incident. "It is not 'atypical' for a prisoner to be in segregation while his or her participation in violent conduct inside the prison walls is investigated." *Id.*

Petitioner nevertheless points out that he has been confined in administrative segregation since April 13, 2010. The Supreme Court held in *Sandin v. Conner* that disciplining an inmate by confining him to segregated confinement for thirty days "did not work a major disruption in his environment" and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" under the Due Process Clause. *Sandin v. Conner*, 515 U.S. at 486. Although Petitioner has been held in administrative detention for seven months, the Sixth Circuit Court of Appeals has

5

determined that seven months in administrative segregation is not an atypical and significant hardship.  *See Donald v. Voinovich*, 145 F.3d 1330 (6th Cir. 1998) (unpublished); *see also Merchant v. Hawk-Sawyer*, 37 F. App'x 143 (6th Cir. 2002) (sixteen months in administrative detention and twenty-one months in a special housing unit did not amount to cruel and unusual punishment or a violation of due process).  And in *Jones v. Baker*, 155 F.3d at 813, the Sixth Circuit held that a period of approximately two and one-half years in administrative segregation did not violate the Due Process Clause where there was an extraordinarily good reason for holding the plaintiff in segregation.

This Court therefore concludes that Petitioner's detention is not an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. at 484.  His detention does not implicate a liberty interest protected by the Due Process Clause, and "[w]here an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest."  *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

### 2. Cruel and Unusual Punishment

Petitioner alleges that his detention in administrative detention amounts to cruel and unusual punishment.  However, "'[b]ecause placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim.'"  *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003)).

Furthermore, the Supreme Court explained in *Farmer v. Brennan*, 511 U.S. 825

6

(1994), that

> a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities.
>
> The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind. In prison-conditions cases that state of mind is one of deliberate indifference to inmate health or safety . . . .

*Id.* at 834 (quotation marks, citations, and footnote omitted).

Records submitted by the respondent indicate that Petitioner has been offered three meals a day, medical care, an opportunity for exercise, and access to the prison law library. Prison officials review Petitioner's status on a monthly basis, and remain in contact with FBI employees regarding the status of their investigation.

Petitioner has not been deprived of the minimal civilized measure of life's necessities. Nor has he shown that prison officials have been deliberately indifferent to his health or safety. Therefore, his rights under the Eighth Amendment have not been violated.

### III. Conclusion

For the reasons given above, the Court concludes that Petitioner is not "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the habeas petition [Dkt. #1] is **DENIED**.

Petitioner's motions for dismissal of the indictment, information, or complaint [Dkt. # 4-5], as well as, his motions pertaining to the responsive pleading [Dkt. #13 and #14] are

7

**DENIED** as moot. Although Petitioner has asked for an institutional transfer to a federal correctional institution at Fort Dix, New Jersey or Allenwood, Pennsylvania so that he can use their libraries, he "possesses no inherent constitutional right to placement in any particular prison . . . ." *Williams v. Bass*, 63 F.3d 483, 485 (1995). Petitioner's motion for appointment of counsel [Dkt. #3] is denied because he has no right to counsel while he is being held in administrative detention and investigated for criminal activities. *United States v. Gouveia*, 467 U.S. 180 (1984).

                            s/Nancy G. Edmunds
                            Nancy G. Edmunds
                            United States District Judge

Dated: December 1, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 1, 2010, by electronic and/or ordinary mail.

                            s/Carol A. Hemeyer
                            Case Manager